Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

**Dated: January 5th, 2018**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| IN RE: | CASE NO. 2:17-bk-20259 |
|---|---|
| CHERYL DENISE DEAN, | CHAPTER 7 |
| Debtor. | JUDGE FRANK W. VOLK |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO RECONSIDER**

Pending is Debtor Cheryl Denise Dean's Motion to Reconsider Order Extending Time to File Complaint to Determine Dischargeability [Dckt. 46].

On October 25, 2017, Creditor Pendleton Community Bank, Inc., filed its Motion to Extend Time to File a Dischargeability Complaint. Inasmuch as no response or objection was filed, the Court granted the Motion on November 21, 2017. Ms. Dean then objected to the Motion on November 28, 2017, later withdrawing the filing on December 11, 2017. That same day, she filed her Motion to Reconsider. In her Motion, Ms. Dean does not list a Bankruptcy Code section or Bankruptcy Rule under which she is requesting reconsideration.

The relief originally sought by Pendleton Community Bank, Inc., was related to a matter contemplated by the adversary proceeding provision found in Federal Rule of Bankruptcy Procedure 7001(6). The Court thus treats the Motion to Reconsider as related thereto as well, and hence governed by *Federal Rule of Civil Procedure* 54, as provided by *Federal Rule of Bankruptcy Procedure* 7054(b).

In a recent decision, the United States District Court for the District of Maryland nicely summarized the standard governing the instant motion:

> Federal Rule of Civil Procedure 54(b) governs reconsideration of orders that do not constitute final judgments in a case (*i.e.*, interlocutory orders). That rule provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time." Fed. R. Civ. P. 54(b). "The precise standard governing a motion for reconsideration of an interlocutory order is unclear." *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 449 (D. Md. 2015). What is clear, is that such motions "are not subject to the strict standards applicable to motions for reconsideration of a final judgment" under Rules 59(e) and 60(b). *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003) (emphasis added). "Although the standards articulated in Rules 59(e) and 60(b) are not binding in an analysis of Rule 54(b) motions, courts frequently look to these standards for guidance in considering such motions." *Butler*, 307 F.R.D. at 449 (citation omitted). . . . Although there may be many valid reasons to reconsider an order, "a motion to reconsider is not a license to reargue the merits or present new evidence" that was previously available to the movant. *Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C.*, 142 F. Supp. 2d 676, 677 n.1 (D. Md. 2001) (citing *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658 (4th Cir. 1992)).

*Davidson v. Sarnova, Inc.*, --- F. Supp. 2d ---, ---, 2017 WL 5564654, at *2 (D. Md., 2017); *see also Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (noting that under our court of appeals precedent, a request for a post-trial or -judgment remedy should not be granted when it attempts "to raise arguments which could have been raised prior to the issuance of the judgment" or "to argue a case under a novel theory that the party had the ability to raise in the first instance."); *In re C.R. Bard, Inc.*, 948 F. Supp. 2d 589, 649 (S.D. W.Va. 2013) (same) (citations omitted).

Inasmuch as Ms. Dean had the opportunity to, but did not, raise the arguments presented in the Motion to Reconsider, they do not now merit review.

It is, accordingly, **ORDERED** that the Debtor's Motion to Reconsider [Dckt. 46] be, and is hereby, **DENIED**.